**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**CHARLIE LEE TAYLOR**                                                                    **PLAINTIFF**

**v.**                                                                                        **No. 4:17CV83-SA-RP**

**RICHARD PENNINGTON, ET AL.**                                                  **DEFENDANTS**

**ORDER *DENYING* PLAINTIFF'S MOTION [30]
FOR RECUSAL OF THE MAGISTRATE JUDGE**

This matter comes before the court on the motion [30] by Charlie Taylor for the Magistrate

Judge to recuse himself from deciding issues in this case.   Mr. Taylor alleges that, during the hearing

held under *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985), the Magistrate Judge assigned to this

case conducted merely a sham proceeding.   Mr. Taylor states that the Magistrate Judge's law clerk

asked him, "If your cholesterol is good, why do you need a medical diet?"   The law clerk also asked

about Mr. Taylor's confiscated legal materials.   Mr. Taylor also noted that counsel for the defendants

was not present at the hearing – and that defense counsel had not provided Taylor a copy of his

medical records.   Finally, Mr. Taylor argues that the hearing was clandestine in nature (Mr. Taylor

attended from the Mississippi State Penitentiary via videoconference), such that "the general public,

press, and family members could not attend."   This, according to Mr. Taylor, created "[a] perfect

setting for impropriety and judicial bribery."   According to Mr. Taylor, this sequence of events leads

to the conclusion that "the alleged [law clerk] of [the Magistrate Judge] was actually counsel for the

defendant pretending to be the [law clerk]."   For these reasons, Mr. Taylor argues that the Magistrate

Judge should recuse himself from handling this case.

**Standard for Recusal**

The statutes for deciding whether recusal is appropriate for a federal judge are 28

U.S.C.A. § 455, and 28 U.S.C. § 144, which use the same standard, namely, "'[W]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997) (*quoting United States v. Studley*, 783 F.2d 934, 939 (9th Cir.1986)). However, "the reasonable person standard in the recusal context contemplates a 'well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person.'" *Trevino v. Johnson*, 168 F.3d 173, 179 (5th Cir. 1999) (internal citations omitted). In addition, "[A] motion for disqualification ordinarily may not be predicated on the judge's rulings in the instant case . . . ." *Phillips v. Joint Legislative Committee on Performance & Expenditure Review*, 637 F.2d 1014, 1020 (5th Cir.1981). A judge's adverse ruling, even when later reversed or vacated on appeal, does not by itself constitute grounds for recusal. *Garcia v. Woman's Hospital of Texas*, 143 F.3d 227 (5th Cir. 1998). Adverse judicial rulings will only support a claim of bias if they reveal an opinion based on an extrajudicial source – or if they demonstrate such a high degree of animosity as to make fair judgment impossible. *Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994).

### Mr. Taylor's Litigation History

Mr. Taylor has been filing prisoner cases in this court for nearly 20 years, as evidenced by the August 25, 1998, transcript of the *Spears* hearing in *Taylor v. Bryan*, 1:98CV222-S-D, which he attached as an exhibit to the instant motion. Few of his cases had merit, and, as set forth in the court's memorandum opinion and judgment in the present case, Mr. Taylor has been sanctioned by this court, the Fifth Circuit Court of Appeals, and the Supreme Court for meritless and frivolous filings. The sanction in this court includes a requirement that he receive permission from the court before proceeding with a new case. Under these circumstances, the court is free to consider Mr. Taylor's

litigation history when weighing whether to let him proceed with new litigation.

## The Posture of the Present Case

In this case, the court decided to hear more about Mr. Taylor's claims regarding denial of medical care. As such, the Presiding Judge dismissed all of Mr. Taylor's claims, *except* denial of medical care, and set the case for a *Spears* hearing – the very purpose of which is to give *pro se* plaintiffs (who, as a group, have a difficult time articulating their claims) a chance to flesh out those claims. *See, generally*, *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985). Defense counsel need not be present at a *Spears* hearing. *Id.* Further, the medical records mentioned in the order setting the *Spears* hearing are for the court's benefit, not the plaintiff's. A *Spears* hearing is *not* an evidentiary hearing; no *evidence* is entered. Instead, the plaintiff's testimony merely fleshes out his *allegations* – and thus, by its nature, that testimony becomes part of the complaint. As such, the Magistrate Judge presiding over a *Spears* hearing asks a series of questions designed to add detail to the plaintiff's allegations and bring his legal claims into sharper focus. Defense counsel sometimes asks the plaintiff questions, with the same goal. The parties and the court need to know the contours of *pro se* prisoner plaintiff's allegations to proceed in an orderly fashion with the case. Indeed, all of this information – and more – is covered in a detailed explanation of *Spears* hearings mailed to every inmate who files a case in this court under 42 U.S.C. § 1983. Mr. Taylor has received this explanation many times and has attended multiple *Spears* hearings. The court is confident that he is familiar with the process.

## Allegations Regarding the Magistrate Judge

With these parameters in mind, it does not matter whether the Magistrate Judge, his law clerk (on his behalf and with his permission), or defense counsel asked the plaintiff questions during the hearing. The questions were designed to sharpen Mr. Taylor's allegations. His answers made those

allegations clearer and assisted the court with the orderly administration of the case. The *Spears* hearing proceeded as any other. Further, despite Mr. Taylor's assertions to the contrary, his *Spears* hearing was a public one – held at the federal courthouse in Oxford, Mississippi. Though *Mr. Taylor* attended by videoconference from the Mississippi State Penitentiary, notice of the hearing was available on the court's public docket, and anyone who wished to attend the hearing in Oxford could have done so. For these reasons, Mr. Taylor's motion [30] to recuse is without merit and is **DENIED**.

**SO ORDERED**, this, the 25th day of April, 2018.

/s/    Roy Percy
UNITED STATES MAGISTRATE JUDGE