## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

**CHARLIE LEE TAYLOR**                                        **PLAINTIFF**

**v.**                                        **No. 4:17CV83-SA-RP**

**RICHARD PENNINGTON, ET AL.**                                        **DEFENDANTS**

### ORDER *DENYING* PLAINTIFF'S MOTION [28]
### FOR RECUSAL OF THE PRESIDING JUDGE

This matter comes before the court on the motion [28] by Charlie Taylor for the presiding judge to recuse herself from deciding issues in this case. Mr. Taylor alleges that the presiding judge is biased against him because she "based her decision on Taylor['s] prior filing[s] and not on the federal constitutional issues implicated." Mr. Taylor also alleges that she failed to rule on two pending motions, a motion for a temporary restraining order or preliminary injunction and motion to compel. Mr. Taylor argues that, under these circumstances, the Presiding Judge should recuse herself from handling this case. For the reasons set forth below, the instant motion [28] to recuse will be denied.

### Standard for Recusal

The statutes for deciding whether recusal is appropriate for a federal judge are 28 U.S.C.A. § 455, and 28 U.S.C. § 144, which use the same standard, namely, "'[W]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir.1997) (*quoting United States v. Studley*, 783 F.2d 934, 939 (9th Cir.1986)). However, "the reasonable person standard in the recusal context contemplates a 'well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person.'" *Trevino v.*

*Johnson*, 168 F.3d 173, 179 (5th Cir. 1999) (internal citations omitted).   In addition, "[A] motion for disqualification ordinarily may not be predicated on the judge's rulings in the instant case . . . ."  *Phillips v. Joint Legislative Committee on Performance & Expenditure Review*, 637 F.2d 1014, 1020 (5th Cir.1981).   A judge's adverse ruling, even when later reversed or vacated on appeal, does not by itself constitute grounds for recusal.  *Garcia v. Woman's Hospital of Texas*, 143 F.3d 227 (5th Cir. 1998).   Adverse judicial rulings will only support a claim of bias if they reveal an opinion based on an extrajudicial source – or if they demonstrate such a high degree of animosity as to make fair judgment impossible.  *Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994).

### Mr. Taylor's Cases

Mr. Taylor has been filing prisoner cases in this court for nearly 20 years, as evidenced by the August 25, 1998, transcript of the *Spears* hearing in *Taylor v. Bryan*, 1:98CV222-S-D, which he attached as an exhibit to the instant motion.   Few of his cases had merit, and, as set forth in the court's memorandum opinion and judgment in the present case, Mr. Taylor has been sanctioned by this court, the Fifth Circuit Court of Appeals, and the Supreme Court for meritless and frivolous filings.   The sanction in this court includes a requirement that he receive permission from the court before proceeding with a new case.   Under these circumstances, the court is free to consider Mr. Taylor's litigation history when weighing whether to let him proceed with new litigation.

### Allegations Regarding the Presiding Judge

Mr. Taylor's ominous-sounding allegations regarding the presiding judge in this case are, upon inspection, innocuous.   He alleges that the court based its decision on Mr. Taylor's "prior filings," rather than "the federal constitutional issues implicated."   To the contrary, though the court recounted Mr. Taylor's checkered litigation past, the opinion thoroughly covered the merits of Mr.

Taylor's claims. First, courts have no authority to intervene in the internal procedures of religious organizations. Second, prisoners do not have the constitutional right to have their grievances handled properly. Third, after recounting Mr. Taylor's factual allegations regarding retaliation by defendant Pennington, the court applied the law and found that those allegations failed to state a constitutional claim. The court similarly discussed in detail Mr. Taylor's allegations regarding the lockdowns of his unit and the confiscation of his legal material – and found that they also failed to state a constitutional question. The court also determined that Mr. Taylor had alleged enough facts regarding his medical care claim to warrant a *Spears* hearing. The opinion was twelve pages long – with ten of those pages devoted to discussing the substance of Mr. Taylor's claims. The court devoted a little under two pages recounting Mr. Taylor's history of meritless filings.

Mr. Taylor also alleges that the court did not rule on two of his motions: a motion for temporary restraining order or preliminary injunction and a motion to compel. The court treated Mr. Taylor's "Motion to Compel" as a supplement to his motion for a temporary restraining order or preliminary injunction, as the relief he sought was to grant his motion for summary judgment and for preliminary injunctive relief. The court denied both motions on November 27, 2017. This claim is also without merit.

The remainder of Mr. Taylor's motion for recusal relies upon his belief that the court's rulings against him are evidence of bias. However, as set forth above, adverse rulings, alone, cannot establish bias, unless they show an opinion based on an extrajudicial source – or if they demonstrate such a high degree of animosity as to make fair judgment impossible. *Liteky, supra.* Certainly that is not the case here. The court's rulings adverse to Mr. Taylor were all based upon the meritless nature of his allegations. For these reasons, Mr. Taylor's motion [28] to recuse is **DENIED**.

**SO ORDERED**, this, the 26th day of April, 2018.

   /s/ Sharion Aycock
U.S. DISTRICT JUDGE