**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**CHARLIE LEE TAYLOR**                                                          **PLAINTIFF**

**v.**                                                              **No. 4:17CV83-SA-RP**

**RICHARD PENNINGTON, ET AL.**                                   **DEFENDANTS**

**ORDER *DENYING* PLAINTIFF'S MOTION [26]
FOR ALTER OR AMEND JUDGMENT, *ADOPTING*
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [21],
*DISMISSING* CASE**

This matter comes before the court on the plaintiff's motion [26] for reconsideration of the court's November 7, 2017, judgment dismissing all claims and defendants in the instant case, except a claim for denial of adequate medical care against defendant Dr. Kuiper. The plaintiff has also objected to the Magistrate Judge's Report and Recommendation [21] that the plaintiff's claims against Dr. Kuiper should also be dismissed – and that the case should be dismissed in its entirety.

**Motion to Alter or Amend Judgment**

The court interprets the motion [26] for reconsideration, using the liberal standard for *pro se* litigants set forth in *Haines v. Kerner*, 404 U.S. 519 (1972), as a motion to amend judgment under Fed. R. Civ. P. 59(e), which must be filed within 28 days of entry of judgment. An order granting relief under Rule 59(e) is appropriate when: (1) there has been an intervening change in the controlling law, (2) where the movant presents newly discovered evidence that was previously unavailable, or (3) to correct a manifest error of law or fact. *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). Mr. Taylor has pointed to none of these reasons. Most of his motion is devoted to recapitulating the allegations and arguments rejected in the court's

judgment [16].

Mr. Taylor raises one new point: that his allegations against defendant Sonja Stanciel set forth not merely a substantive claim for improper prison procedures, but also a claim of retaliation. Nearly all of Mr. Taylor's allegations against defendant Stanciel, whether during the prison grievance process or in the instant complaint, centered on the contention that she was conducting unnecessary lockdowns and shakedowns of his housing unit. In fairness to Mr. Taylor, however, in one paragraph of his 85-page complaint, he alleged that after he filed grievance number "MSP-16-2526 [involving alleged "unconstitutional lockdown and suspension of privileges"], Stanciel confiscated all of Taylor['s] legal material in retaliation." He did not make this claim in isolation; instead, he argued that Warden Stanciel retaliated against him in that way and others "for filing civil action against her." He did not identify the civil action he alleges led to retaliation.

As set forth in the court's November 7, 2017, memorandum opinion, for over a decade, Charlie Taylor has been well aware of the prison policy restricting papers in an inmate's cell to 6 inches or less. Indeed, his failure to follow this policy in the past led to the destruction of a great many of his papers. In confiscating Mr. Taylor's bankers box of papers, Warden Stanciel merely enforced a longstanding prison policy with which Mr. Taylor was intimately familiar. Mr. Taylor has not alleged any facts to support his allegation that Warden Stanciel acted in retaliation, whether for his filing a civil suit or initiating a grievance. The court decided in its memorandum opinion not to interfere in the prison officials' decisions regarding the lockdowns, shakedowns, and other procedures at issue in this case. Also, the court held that Warden Stanciel properly removed the bankers box of papers from Mr. Taylor's cell. Given these previous holdings – and Mr. Taylor's knowledge of the 6-inch paper limit – the court holds that Mr. Taylor has not alleged

any facts to support his claim for retaliation. As set forth in the court's memorandum opinion, Mr. Taylor's personal belief that he is the victim of retaliation is insufficient to sustain such a claim under 42 U.S.C. § 1983. This claim for relief is without substantive merit. Mr. Taylor has neither asserted nor proven any of the justifications to amend a judgment under Fed. R. Civ. P. 59(e). As such, his request [26] to alter or amend judgment will be denied.

## Adoption of the Magistrate Judge's Report and Recommendation

In his objections to the Magistrate Judge's Report and Recommendation, Mr. Taylor argues: (1) that Dr. Kuiper denied him proper medical care by failing to renew his cardiovascular diet, and (2) that Mississippi Department of Corrections dentists have provided "inadequate dentures" or have merely repaired old dentures, rather than providing him with new, properly-fitted ones. As set forth in the Magistrate Judge's Report and Recommendation, Mr. Taylor conceded at the *Spears* hearing that he was able to manage his blood pressure and cholesterol levels even in the absence of a medical diet. In addition, he stated in his objections to the Report and Recommendation that he actually began receiving his medical diet on July 12, 2017 – and obtained a bottom bunk profile, as well. As such, based on the plaintiff's allegations in this case, Mr. Taylor suffered no medical harm from the intermittently administered medical diet. Further, Mr. Taylor focuses on his belief that Dr. Kuiper lied to him by telling him that MDOC no longer provides medical diets for inmates. Whether Dr. Kuiper lied or was mistaken is irrelevant because Mr. Taylor suffered no harm from Dr. Kuiper's acts or omissions. This claim is without merit and will be dismissed.

Mr. Taylor also alleges that, though medical staff have repeatedly provided him with dentures over the course of 16 years, those dentures have been "inadequate" and periodically

"rigged" in an attempt to form them to his dental structure. He points out that many free world dentists practice in Sunflower County (the location of the Mississippi State Penitentiary), as well as the surrounding counties, and he would like one of those dentists to provide him with dentures. He alleges that, for the past 16 years, his dentures have caused sore and bleeding gums and severe pain when he eats. Mr. Taylor has not identified any defendants who have provided him with inadequate dentures, and he concedes that he has received multiple sets of dentures during this time, which have been repaired or adjusted ("rigged," in his words) to fit him. He is not, however, satisfied with his current dentures, which he believes dental staff have once again "rigged," rather than properly fitted to his mouth. The court will revisit the deliberate indifference standard regarding prisoner claims for denial of proper medical treatment.

## Denial of Medical Treatment

In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the

inference." *Id.* at 838. Only in exceptional circumstances may a court infer knowledge of substantial risk of serious harm by its obviousness. *Id.* Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986).

A prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim against the prison for violation of the Eighth Amendment by deliberate indifference to his serious medical needs. *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir.2001), *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). "Deliberate indifference is not established when medical records indicate that [the plaintiff] was afforded extensive medical care by prison officials." *Brauner v. Coody*, 793 F.3d 493, 500 (5th Cir. 2015). Nor is it established by a physician not accommodating a prisoner's requests in a manner he desired or the prisoner's disagreement with the treatment. *Id.*; *Miller v. Wayback House*, 253 F. App'x 399, 401 (5th Cir. 2007). To meet his burden in establishing deliberate indifference on the part of medical staff, the plaintiff "must show that [medical staff] refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Brauner*, 793 F.3d at 498.

In this case, Mr. Taylor has alleged, at most, negligent treatment by the medical staff who provided him with dentures and repaired or adjusted them. Medical staff have not "refused to treat him, ignored his complaints, intentionally treated him incorrectly," or otherwise "engaged in any similar conduct that would clearly evince a wanton disregard for serious medical needs." *Id.* Indeed, though the court has not seen Mr. Taylor's medical records, he has alleged that prison officials have afforded him extensive dental care, though that care seems not to have been

effective. *Id.* The court is sympathetic to Mr. Taylor's situation, as, based upon his allegations, as none of his dentures has fit well, and adjustments to them have not alleviated his discomfort. However, as set forth above, under these facts, Mr. Taylor has not stated a claim for relief under 42 U.S.C. § 1983 for denial of adequate medical care.

## Conclusion

For the reasons set forth above, the court **APPROVES AND ADOPTS** the Magistrate Judge's Report and Recommendation, and **DENIES** the plaintiff's motion to amend or correct judgment. The instant case is therefore **DISMISSED**.

**SO ORDERED**, this, the 26th day of April, 2018.

 /s/ Sharion Aycock  
**U.S. DISTRICT JUDGE**